IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGIE D. WALLACE,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JO ANNE B. BARNHART,  )<br>Commissioner of Social Security,  )<br>)<br>Defendant.  ) | Civil No. 3:03-0362<br>Judge Nixon<br>Magistrate Judge Knowles |

## MEMORANDUM ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 13), to which the Plaintiff has objected (Doc. No. 14). The Defendant has filed a reply (Doc. No. 15). For the reasons stated below, the Court REJECTS the Magistrate Judge's Report and Recommendation ("Report") and GRANTS Plaintiff Angie D. Wallace's Motion in part, REMANDING for further administrative proceedings in accordance with this opinion.

I.     Background

Angie Wallace ("Wallace" or "Plaintiff") filed an application for disability insurance benefits (DIB) on March 21, 1999, alleging that she had been disabled since October 28, 1997 due to depression, panic attacks, obesity, back pain, leg pain and arthritis. (AR 61, 74-76.) After denial of her application, both initially and upon rehearing, Wallace timely filed a request for an

Administrative Hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration. The hearing was held on May 9, 2000. On June 23, 2000, the ALJ issued a written opinion finding that Plaintiff was not disabled. On May 15, 2002, the Social Security Administration's Appeals Council denied Wallace's request for review of the ALJ's decision, rendering the ALJ's determination the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). 20 C.F.R. § 416.1481.

This action was timely filed thereafter, and the Court has jurisdiction under 42 U.S.C. § 405(g). In her Objections to the Report, Plaintiff contends that the ALJ erred by failing to evaluate medical source opinion evidence in the manner prescribed by 20 C.F.R. § 404.1527. (Doc. No. 14 at 1.) The evidence before the ALJ consisted of medical records spanning a seventeen-year period. During that time, from 1983 until 2000, the record indicates Wallace was seen by at least twenty medical professionals.[1]

The touchstone issue in this matter is whether the ALJ provided sufficient explanation for his decision to reject Dr. Spark's opinion. From the medical records, it appears[2] Wallace saw Dr. Sparks some eleven times between 1995 and 1999 at Family Health Care Associates. (AR 136-156.) Over the course of her visits with Dr. Sparks, Wallace was diagnosed and treated for conditions ranging from depression and panic attacks (AR 139), to a herniated disc (AR 144), to

---

[1] The Court finds Plaintiff's contention that the ALJ failed to follow administrative regulations in rejecting the assessment of David Sparks, M.D., dispositive, and therefore does not consider the ALJ's evaluation of opinion evidence of other medical professionals beyond Dr. Sparks. Notwithstanding, the Court notes that if the ALJ again rejects Dr. Sparks' assessment on remand, the ALJ must weigh all medical opinions in accordance with 20 C.F.R. 404.1527(d).

[2] Because the record is not entirely legible, the Court does not purport to provide a complete recitation of Dr. Spark's interactions with the Plaintiff. Rather, the Court has accounted for as much of the medical record as can be accurately discerned.

2

phlebitis[3] (AR 147). On one occasion, Dr. Sparks even confirmed that Plaintiff was pregnant. (AR 146.)

On April 14, 2000, Dr. Sparks completed a pain questionnaire (AR 266-68) to aid the Commissioner in making a disability determination. He indicated that it would be reasonable to expect that Wallace's condition would cause pain and that her subjective complaints seemed reasonable given his observations and diagnoses. (AR 266.) Although his descriptions of the location, duration and frequency of the pain are illegible, Dr. Sparks did note that the pain was severe. (Id.) He recounted that steroid injections, physical therapy, and surgery had all been used in attempts to alleviate the pain. (AR 267-68.) At the time he completed the form, Dr. Sparks revealed that Wallace was taking two medications for pain, which he found "adequate." (AR 267) Still, Dr. Sparks thought that Plaintiff's concentration and sleep were affected by pain. (Id.) In view of the pain Wallace experienced, Dr. Sparks averred that she could not reasonably be expected to be reliable in a job where she was required to work an eight-hour a day, forty-hour workweek. (AR 268.) He found that standing, sitting, and walking would precipitate pain and that Wallace would have to stop standing after one to two hours, sitting after three to four hours and walking after a half-hour to an hour. (AR 266.) Additionally, Dr. Sparks indicated Wallace would feel pain immediately if she engaged in repetitious activities. (AR 267.) Given an eight-hour work day for five days a week, week after week, he predicted Wallace could lift or carry less than five pounds frequently, from five to twenty points occasionally, and never over twenty pounds. (Id.)

---

[3] Phlebitis is the inflammation of a vein. Dorland's Illustrated Medical Dictionary 1279 (28th ed. 1994).

3

The ALJ rejected Dr. Spark's assessment that Plaintiff is limited to less than sedentary work,[4] explaining,

> His assessment is inconsistent with his own medical reports, other documentary evidence, and the claimant's actual functioning. He apparently based his report on the claimant's symptoms and not on objective clinical evidence. The claimant is able to participate in everyday activities such as driving, household chores, and caring for her children, despite her impairments. In any event, the undersigned finds the assessment of Drs. Davis and Lane[5] more credible regarding [Plaintiff's] ability to work.

(AR 26.)

On July 11, 2005, the Magistrate Judge issued the Report in the instant matter recommending the Court deny Plaintiff's motion on the grounds that the ALJ had provided a sufficient rationale for discarding Dr. Sparks' opinion. Plaintiff challenges the Magistrate's conclusion that the ALJ's explanation for rejecting Dr. Sparks' opinion was adequate.

## II.     Legal Standards

### A. *Standard of Review*

This Court's review of the Commissioner's decision is limited to the record from the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1345, 1369 (6th Cir. 1991). The Court may not try the case de novo, resolving conflicts in evidence and

---

[4] Presumably, Dr. Spark's opinion concerning Wallace's capacity to sit led the ALJ to conclude that Dr. Sparks believed that Wallace is limited to less than sedentary work.

[5] Dr. Bruce A. Davis conducted a consultative examination of Plaintiff on May 27, 1999 and found the she was capable of sitting eight hours in an eight hour workday. (AR 236.) Dr. Robert Lane conducted a psychological evaluation of Plaintiff on April 23, 1999 and found that she was not significantly limited because of any mental impairment to function occupationally. (AR 215-17.)

deciding questions of credibility. Shelman v. Heckler, 831 F.2d 316, 320-21 1987 (6th Cir. 1987). Rather, Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Thus, the Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Herr v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999). Defined further, substantial evidence is evidence that is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996). If substantial evidence supports the Commissioner's findings and inferences, the Court will not substitute that of its own. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Moreover, even if the evidence could also support a different conclusion, the ALJ's determination must stand if substantial evidence supports that conclusion. Herr, 203 F.3d at 389.

In Social Security Act disability cases, a plaintiff can only be found disabled if she is unable to do any substantial gainful activity because of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for more than twelve months. 20 C.F.R. § 404.1527(a)(1). Evidence militating for or against disability may contain medical opinions. 20 C.F.R. 404.1527(a)(2). If there is conflicting evidence, including medical opinions, the ALJ must weigh all of the evidence and make a disability determination if possible based on the evidence available. 20 C.F.R.

5

404.1527(c)(2).

*B. The Treating Physician Rule*

In the process of determining disability, "[a]n ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" Wilson v. Comm'r Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration in original). The Social Security Administration defines "treating source" as one's "own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.

If a treating source's opinion is not given controlling weight, the ALJ must "always give good reasons . . . for the weight [given to the plaintiff's] treating source physician." 20 C.F.R. § 404.1527(d)(2). Pursuant to this mandate, decisions denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion <u>and the reasons for that weight</u>." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996), <u>quoted in</u> Wilson, 378 F.3d at 544 (emphasis added).

When a treating physician's opinion is not accorded controlling weight, "an ALJ <u>must</u> apply certain factors--namely, [1] the length of the treatment relationship and the frequency of

examination, [2] the nature and extent of the treatment relationship, [3 the] supportability of the opinion, [4 the] consistency of the opinion with the record as a whole, and [5] the specialization of the treating source--in determining what weight to give the opinion." Wilson, 578 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2)) (emphasis added). Section 404.1527(d)(2) also permits claimants to raise any other factors that tend to support or contradict the treating source opinion.

"'The requirements of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" Wilson, 378 F.3d at 544 (quoting Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999)). Additionally, the requirements also exist to allow the district court to determine whether the ALJ followed the treating physician rule and to review its application. Id.

Against this backdrop, it is important to reiterate that "[i]t is a fundamental principle of administrative law that agencies are bound to follow their own regulations." Wilson, 378 F.3d at 545. "An agency's failure to follow its own regulations 'tends to cause unjust discrimination and deny adequate notice' and consequently may result in a violation of an individual's constitutional right to due process." Id. (quoting Sameena, Inc. v. United States Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998). Hence, "[w]here a prescribed procedure is intended to protect the interests of a party before the agency, 'even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed.'" Id. (emphasis added).

Therefore, a court cannot excuse the ALJ's failure to give "good reasons" merely because substantial evidence does support the ALJ's ultimate decision. Id. at 546. Procedural errors are

7

not rendered harmless merely because the offended party seems to have little chance of succeeding upon remand.  Id.  "[T]o recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability to violate the regulation with impunity and render the protections therein illusory."[6]  Id.

**III.	Analysis**

One of the purposes of review in the district court is to determine whether the Commissioner committed any legal errors in reaching hiss ultimate decision.  Landsaw, 803 F.2d at 213.  The ultimate issue before the Court, then, is whether the ALJ gave "good reasons" for discounting Dr. Sparks' opinion.  In the instant matter, the ALJ has failed to provide "good reasons" for rejecting Dr. Sparks' opinion by not addressing the factors in 20 C.F.R. § 404.1527(d)(2).  Therefore, the ALJ has committed non-harmless legal error requiring remand.

The ALJ failed to apply the six factors set forth in 20 C.F.R. § 404.1537(d)(2) when

---

[6] However, the Sixth Circuit has offered the following salvo to caution overzealous reliance upon procedural errors:

> That is not to say that a violation of the procedural requirement of § 1527(d)(2) could never constitute harmless error.  We do not decide the question of whether a de minimis violation may qualify as harmless error.  For instance, if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal.  Cf. NLRB v. Wyman-Gordon, 394 U.S. 759, 766 n.6 (1969) (plurality opinion) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game").  There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant.

Id. at 547 (internal parallel citations omitted).

8

denying treating physician Dr. Sparks' opinion controlling weight.[7] See Wilson, 378 F.3d at 544. Instead, the ALJ rejected Dr. Sparks' assessment because the ALJ did not believe it was supported by the treatment records and he found Drs. Davis and Lane's opinions more credible. (See AR 26.)

Defendant argues that treating source opinions are entitled to controlling weight only if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d). Because the ALJ did find Dr. Sparks' assessment that Plaintiff is limited to less than sedentary work to be "inconsistent with [Dr. Sparks'] own medical reports, other documentary evidence, and [Plaintiff's] actual functioning" (AR 26), in addition to finding the opinions of Drs. Davis and Lane more credible (AR 26), Defendant urges that the ALJ did cite valid bases under the regulations for rejecting Dr. Sparks' opinion.

The Court does not fault the ALJ's for using invalid criteria to reject Dr. Sparks' assessment; rather, the Court holds that the ALJ's failed to employ <u>sufficient</u> criteria. The ALJ appears to have rejected Dr. Sparks' assessment based upon the fourth 20 C.F.R. § 1527(d)(2) factor requiring that the opinion be supported by medical evidence and the fifth factor requiring consistency of the opinion with the record as a whole. However, the ALJ's discussion is devoid of any discussion of the remaining four § 1527(d)(2) factors regarding the duration of Dr. Sparks' relationship with Wallace, the frequency of examinations, the nature and extent of the relationship, and Dr. Sparks' specialization. Even assuming that the Sixth Circuit does not

---

[7] Neither party contends that Dr. Sparks was not a treating source as defined in 20 C.F.R. § 404.1502.

9

require the ALJ to address each factor mechanically in seriatim, the rule does require the ALJ, at minimum, to address each factor in regard to the treating physician and his relationship with the patient during the course of his opinion. In the instant case, the ALJ failed to apply most of the factors set forth in § 1527(d)(2). Where administrative procedures must be "scrupulously observed," it is fatal that the ALJ did not discuss the required factors.

IV. **Conclusion**

The Court holds that the ALJ failed to give "good reasons" as required by 20 C.F.R. § 404.1527(d) by failing to apply all the factors set out in 20 C.F.R. § 404.1527(d)(2). That the ALJ's opinion might have been supported by substantial evidence does not render these errors harmless. Accordingly, the Court REJECTS the Magistrate Judge's Report. Plaintiff's Motion is GRANTED in part by REMANDING for further administrative proceedings in accordance with this opinion.

It is so Ordered.

Entered this the __27th__ day of __April__, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT